### .UNITED STATES v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. Pennsylvania. November 28, 1916.)

Nos. 162, 163.

Criminal law ⊕⇒641(1)—Right of defendant to have assistance of counsel.

Refusal of the clerk of a District Court to file a præcipe for entry of appearance of counsel for a corporation defendant in a criminal case without payment of the statutory fee *held* not a violation of defendant's constitutional right "to have the assistance of counsel for his defense."

Criminal prosecution by the United States against the Philadelphia & Reading Railway Company. On rule to require clerk to file præcipe without payment of fee. Rule discharged.

See, also, 237 Fed. 292.

Francis Fisher Kane, U. S. Atty., of Philadelphia, Pa.
William Clarke Mason, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This rule involves in money an inconsiderable sum, but the underlying principle involved is considered by defendant to be one of importance, at least as an abstract principle. The case is one of indictment. The defendant is a corporation. The latter attempted to put in an appearance, and presented a præcipe, signed by its counsel, for this purpose. The clerk demanded the required fee for the filing of this paper, which the defendant refused to pay. It may be interpolated that the action of the clerk followed the instructions from the United States authorities having in charge the accounting for such fees. The present rule is to require the clerk to file the paper without exacting either the payment of the costs or the entry of security therefor.. The allowance of the rule is based upon the constitutional right of every defendant to the assistance of counsel, and the refusal to permit the appearance paper to be filed without the payment of the costs is averred to be a denial of this constitutional right.

We are of opinion that the rule should be discharged, and this opinion is based upon these two considerations. In the first place, we do not see that any question of constitutional right fairly arises. The right to the assistance of counsel is an undoubted one, but there is a well-marked distinction between the denial of a right and the regulation of the practice to be followed in its assertion. The right of any litigant to process may well be admitted, without asserting a like right to free process. A defendant, for instance, is given the right "to have compulsory process for obtaining witnesses in his favor." Const. Amend. 6. Indeed, this is coupled in the same clause of the Constitution with the right "to have the assistance of counsel for his defense." The right is dealt with in these constitutional provisions; but the right to have such process without cost comes only through those statutory provisions dealing with litigants who appear in forma pauperis. Again, a party may have the undoubted right to the benefits of a writ of habeas corpus. Whether he has the further right to gratuitous services from the officials of the law is an entirely separate and distinct question resting upon different considerations.

In the second place, whatever there is of what may be called a right to file a written paper in the course of pleading in a criminal case resolves itself into a mere matter of convenience. Primarily considered, all pleadings, so far as concerns the defendant in a criminal case, are oral. The plea of a defendant as it appears by the record is merely the memorandum made by the clerk of the court of the plea which has been orally made. A defendant, by having the appearance of counsel for him filed, secures a privilege which may be of convenience, and thus be of benefit or advantage; but such formal appearance is not required and involves no question of right. An individual defendant may put in a physical appearance or be brought into court. What may be the effect of the absence of a præcipe for appearance of counsel in behalf of a corporation defendant is a question not now presented.

The rule is discharged.